## HEAD et al. v. COMMONWEALTH.

Court of Appeals of Kentucky.

June 8, 1951.

Wheeler Boone, Lexington, for appellants.

A. E. Funk, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

COMBS, Justice.

Appellants, Charles Head and William Earl Bolton, were tried jointly and convicted of the robbery of Henry Anderson. Head was sentenced to 10 years and Bolton to 5 years in the state reformatory.

The only ground urged for reversal is that the trial court erred in refusing to permit appellants to introduce evidence concerning two other robberies which were committed in the same vicinity in a somewhat similar manner on the same day Anderson was robbed.

The evidence for the Commonwealth is that appellants met Anderson in the Short Street Inn in Lexington on the night of February 6, 1950. After the parties had consumed several beers, appellants offered to drive Anderson home in an automobile being operated by Head. Instead of taking him home, they drove out on the Paris Pike, in a different direction, and ordered him out of the car. They then assaulted him with steel knucks, robbed him of $141, and left him lying by the side of the road. He regained consciousness early the following morning, returned to Lexington, and reported the crime.

Appellants offered to prove that two other similar robberies were committed in Fayette County on the afternoon and night of February 6. In each of those cases the victim had been at the Short Street Inn and left that place with two men who later assaulted and robbed him. There was no attempt to prove who committed the other robberies, nor that the persons responsible for those crimes had any opportunity to commit the crime for which appellants were convicted. Appellants contend they could have established they had no opportunity to commit the other two robberies, and that evidence of those robberies was admissible as part of the res gestae in this case.

We know of no authority under which the proposed evidence would be admissible, and counsel for appellants has cited us to none.

Judgment affirmed.